FILED

September 11, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 11:16 AM





# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| Shawn Caskey,<br>　　　　Employee,<br>v.<br><br>Powers Pizza, LLC,<br>　　　　Employer,<br>And<br><br>Benchmark Insurance Companies,<br>　　　Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Docket No.: 2015-04-0038

State File No.: 31188-2015

Date of Injury: April 23, 2015

Judge Robert Durham

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
### (RECORD REVIEW ONLY)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Shawn Caskey, the Employee, on June 18, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2014) to determine if the Employer, Powers Pizza, LLC (Powers), is obligated to provide medical and temporary disability benefits. Pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.02(13) (2015), Mr. Caskey requested the Court issue a ruling based on a review of the file without an evidentiary hearing. Powers voiced no objection. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that no further information is needed to render judgment, and finds that Mr. Caskey is not entitled to workers' compensation benefits at this time.

## ANALYSIS

### Issue

*Whether Mr. Caskey's skin condition causally relates to his employment with Powers.*[1]

---

[1] The parties raised additional issues in the Dispute Certification Notice; however, given that the Court is denying workers' compensation benefits based on this threshold issue, the remaining issues are pretermitted.

1

## Evidence Submitted

The Court designated the following documents contained in the file as exhibits:

1. Affidavit of Mr. Caskey;
2. Medical records from Satellite Med;
3. Various photographs of documents attached to Mr. Caskey's affidavit;
4. Employee Warning Notice dated April 25, 2015;
5. Narrative Report form;
6. Separation Notice;
7. First Report of Injury; and,
8. Wage Statement.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), dated May 21, 2015;
- Dispute Certification Notice (DCN), dated July 7, 2015;
- Request for Expedited Hearing (REH), dated June 18, 2015;
- Powers' Response and Amendments to PBD; and,
- Powers' Additional Response to PBD.

## History of Claim

Powers is a franchise owner of two Domino's pizza restaurants. (Ex. 6.) Mr. Caskey began working as a delivery driver for Powers on October 3, 2012. *Id.* On April 23, 2015, Tolana Ray, Operations Support Coach for Domino's, asked Mr. Caskey to turn out his pockets, ostensibly to verify he had less than $20.00 on his person in accordance with Domino's policy. (Ex. 5.) Mr. Caskey refused, and Brian Roman, manager, asked him to clock out and go home. (Ex. 1 at 3.) Later that evening, another manager, Lisa Andrews, called Mr. Caskey and asked if he would like to return to work. Mr. Caskey refused to do so. (Ex. 4.)

The next day, Mr. Caskey treated with Donna Winningham, N.P. at Satellite Med in Cookeville. (Ex. 2.) N.P. Winningham noted Mr. Caskey had a rash on his arms and suffered from anxiety. She wrote a note excusing him from work "due to illness until he can be referred to counseling for anger issues." *Id.* at 3. On the patient receipt, she noted she treated Mr. Caskey for "anxiety state, unspecified" and "scabies." *Id.* at 4.

On May 8, Powers completed a Separation Notice for Mr. Caskey, stating he had not shown up for work since April 23. (Ex. 6.) On May 21, N.P. Winningham completed a Medical Certificate for the Division of Employment Security. (Ex. 2 at 6.) She stated Mr. Caskey suffered from anxiety that was "exacerbated at last period of employment." *Id.* She further opined Mr. Caskey could not return to his usual duties

2

until a therapist saw him for "anxiety and anger issues." *Id.*

Mr. Caskey filed a PBD alleging he suffered an "acute work-related anger illness" due to unfair treatment by Powers. (T.R. at 8.) He withdrew this PBD on May 26. *Id.* He filed a second PBD on the same day, this time alleging he suffered from scabies "transferred to me by a customer." (T.R. at 1.)

Mr. Caskey filed an affidavit in support of his PBD on June 17. (Ex. 1.) The multi-page affidavit asserts he must have contracted scabies while making incidental contact with an "animal, a human, or an object that contained living mites" during one of his deliveries. *Id.* at 3. However, Mr. Caskey does not cite any specific contacts, state which deliveries he suspects could have exposed him to scabies, or provide a timeframe for when such exposure could have occurred. *Id.*

The parties did not resolve the dispute through mediation, and the Mediation Specialist filed the DCN on July 7, 2015. (T.R. at 3-5.)

### Mr. Caskey's Contentions

Mr. Caskey contends he must have contracted scabies from his employment as a delivery driver for Powers, and is therefore entitled to workers' compensation benefits. He further contends the wage statement submitted by Powers is much lower than his actual wages because it did not take tips and delivery charges into consideration.

### Powers' Contentions

Powers contends Mr. Caskey provided no evidence establishing he contracted scabies through his employment as a delivery driver; therefore, the law does not require Powers to pay any benefits to him.

### Findings of Fact and Conclusions of Law

*Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is

3

likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

Powers employed Mr. Caskey as a delivery driver. On April 23, 2015, Mr. Caskey left work due to a dispute with his manager over company policy. The next day, Mr. Caskey treated with Donna Winningham, N.P. at Satellite Med for anxiety issues and a rash on his arms. Mr. Caskey never returned to work for Powers, but instead filed for unemployment benefits. On May 21, N.P. Winningham completed a form for Employment Security indicating Mr. Caskey could not return to work until he treated for anxiety.

*Application of Law to Facts*

Mr. Caskey alleges he must have contracted scabies sustained while employed with Powers. In order to prevail, he must establish that he has scabies, and that it "arose primarily out of and in the course and scope of his employment." Tenn. Code Ann. § 50-6-102(12) (2014). The undersigned finds that Mr. Caskey is unlikely to succeed on this issue at a trial on the merits based on the evidence submitted at this time.

In order to initiate a workers' compensation claim, an employee must notify the employer, in writing if the employer does not have actual notice, of the injury. Tenn. Code Ann. § 50-6-201(a) (2014). Written notice must state "the time, place, and nature and cause of the accident resulting in injury or death[.]" Tenn. Code Ann. § 50-6-202(a)(1) (2014). The reasons for the requirement as to notice of injury are to give the employer an opportunity to make an investigation while the facts are accessible, and also to enable him to provide timely and proper treatment for the injured employee. *Masters v. Industrial Garments Mfg. Co.,* 595 S.W.2d 811, 815 (Tenn. 1980);[2] *Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). Sufficient notice is an essential element of the claim. *Douglas v. Whirlpool Corp.,* No. 01501-9410-00119, 1995 Tenn. LEXIS 543, at *6 (Tenn. Workers' Comp. Panel Sept. 13, 1995).

At this stage, Mr. Caskey has communicated to Powers nothing other than a possible diagnosis of scabies by N.P. Winningham, and an unsupported allegation that it must be due to his employment with Powers. N.P. Winningham never gave an opinion even possibly attributing Mr. Caskey's rash to his employment with Powers. In his

---

[2]The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

affidavit, Mr. Caskey did not point to any specific "time, place, and nature and cause" during his work as a delivery driver where he might have been exposed to scabies. Tenn. Code Ann. § 50-6-202(a)(1) (2014). Mr. Caskey offered mere speculation and conjecture, which cannot serve as justification for the provision of benefits. *See Shelton v. Torrington Co.,* No. 01501-9704-CV-00092, 1998 Tenn. LEXIS 107995, at *10 (Tenn. Workers' Comp. Panel Mar. 13, 1998) (citing *Reeser v. Yellow Freight,* 938 S.W.2d 690, 692 (Tenn. 1997)). This premise is particularly true given that the Workers' Compensation Law no longer allows a remedial construction by the court. Tenn. Code Ann. § 50-6-116 (2014).

The undersigned finds that Mr. Caskey provided insufficient notice of a work-related injury. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2014). Given the above finding, it is unnecessary at this stage to address other issues raised by the parties.

IT IS, THEREFORE, ORDERED that:

1. Mr. Caskey's request for workers' compensation benefits is denied.

2. This matter is set for Initial Hearing on October 1, 2015, at 11:00 a.m.

**ENTERED THIS THE 11ᵀᴴ DAY OF SEPTEMBER, 2015.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**Initial Hearing:**

An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 866-689-9049 to participate in the Initial Hearing.

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a

statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 11th day of September, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Shawn Caskey | X | | X | caskeyshawn@gmail.com |
| Nick Akins | | | X | nakins@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7